HARDY, Judge.
This is a tort action by plaintiffs, husband and wife, and defendants have appealed from a judgment in favor of the husband in the sum of $149.62 for medical expenses, and in favor of the wife in the amount of $4,500.00, representing damages for personal injuries sustained in the automobile accident which was the cause of this suit.
The only issue presented to this court on appeal concerns the amount of the judgment in favor of Mrs. Martin. Defendants-appellants urgently contend that the award made by the trial court is excessive and should be reduced to an amount of $1,000.-00 or $1,250.00, which would represent adequate compensation. Plaintiffs have filed an answer to the appeal, praying for .an increase in the amount of the judgment, and their counsel insist that the award made is inadequate.
In our opinion the determination of the question presented must rest principally upon an analysis of the testimony of the medical experts. The accident occurred on October 31, 1959. The following day Mrs. Martin consulted Dr. Edwards, a general practitioner connected with the Delhi Clinic of Delhi, Louisiana. Dr. Edwards testified that plaintiff was suffering from contusions of her right elbow, left hip, both knees, several lacerations and tenderness and pain in the lumbosacral area of the back, the latter constituting her principal injury which he diagnosed as an acute lumbosac-ral strain. This physician continued Mrs. Martin under treatment and made subsequent examinations on December 21, 1959 and January 13, 1960, by which time the complaints of pain were almost exclusively related to the back injury. Subsequent examinations were made on February 5th and September 17, 1960, and on or about the latter date Dr. Edwards, being of the opinion that plaintiff’s back condition had not improved, referred her to Dr. Altenberg, an orthopedic specialist of Monroe.
X-rays made in the course of Dr. Alten-berg’s examination on October 16, 1960, disclosed a condition which he diagnosed as degeneration of the lumbosacral disc, but the testimony of this witness failed to reflect any positive opinion as to a causal connection between the accident and the patient’s condition.
*407 The testimony of Dr. Cannon, an orthopedic specialist of Monroe, was to the effect that he made an examination of plaintiff on January 31, 1961, and found no objective evidence of residual low back disability. This doctor diagnosed plaintiff’s condition as a strain of the intraspinous ligaments and possibly the sacrospinalis muscles, but, in his opinion, the discomfort at the time of his examination was not related to the accident but to the development or exaggeration of a bad postural condition of the back.
From the written opinion of the trial judge we quote the following:
“From the- testimony of the doctors, the court is of the' opinion that Mrs. Martin suffered no permanent injuries. She received bruises and lacerations which healed quickly, and strained two muscles in her back. At the time of trial, she was having discomfort in her back, but this discomfort was caused by her posture and was not related to the. injuries received.”
Our examination of the record leads us to the same conclusion as that stated in the above quoted finding of the trial judge, and, as a consequence, we believe the award was substantially excessive.
It should be observed that Mrs. Martin did not report to her treating physician, even for examination, between the dates of February 5th and September 17, 1960, and we are unable to reconcile this fact with her claim of any continuously severe pain or disability. The medical testimony falls far short of preponderantly establishing a definite connection between the accident and Mrs. Martin’s long continued complaints. Under such circumstances we have no alternative except to make a reduction in the award which we think is more in keeping with the established facts.
For the reasons assigned the judgment appealed from is amended by reducing the amount thereof in favor of the plaintiff, Mrs. Erlene Martin, and against the defendants, James W. Schonlau and the Insur-C2 > -2 l § § § & £ •s & p ►d m o ►d ¡-T P o d 3 oi -ifi p .N B g 3 o oi o eu - "• p i a t “ i8 8 3 " a 2, s* d d T3 O B 3' g 8 8 ~ n g* 13 d o* OQ 3 a> o* d *d P <T> >d